IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARMANDO GARIBO, | |
| Petitioner, | 8:18CV429 |
| v. | |
| STATE OF NEBRASKA, and BRAD HANSEN, Institution's Warden, | MEMORANDUM AND ORDER |
| Respondents. | |

Armando Garibo (Petitioner or Garibo) has submitted an amended petition (filing no. 7) for a writ of habeas corpus attacking his state court conviction and sentence. I deny and dismiss the petition with prejudice due to procedural defaults. Petitioner failed to provide the Nebraska Supreme Court with an opportunity for further review of his direct appeal and also his post-conviction appeal. Thus, his only claim[1]–ineffective assistance of trial counsel (for a variety of reasons)– has not gone through one complete round of review. Nebraska generally does not allow successive post-conviction actions and thus Petitioner cannot cure the defaults. There is no basis to excuse the defaults either.

### *Background*

Garibo was convicted of first degree sexual assault of a child on December 9, 2015. He was sentenced to 40 to 50 years in prison on February 4, 2016. (Filing no. 10-3, pp. 50-51.)

---

[1] He raised a jury instruction claim that was based upon a state law argument. Upon initial review (filing no. 9), I dismissed that claim because this court has no authority to review state law claims.

On direct appeal, and with counsel different than the one who represented him at trial and at sentencing[2], Garibo argued that the trial court erred in overruling his motion for directed verdict, and that he was unable to receive a fair trial due to his attorney's ineffective assistance, to wit: for not objecting to the state's questioning of the officer who translated Garibo's interview; for not objecting to the victim's counselor's testimony; for not objecting to the use of telephone calls made by Garibo from the jail; for failing to cross examine the counselor more extensively; and for failing to communicate with him in a language (Spanish) Garibo understood.[3] (Filing no. 10-4.)

Garibo's convictions were affirmed in a memorandum opinion filed by the Nebraska Court of Appeals on November 22, 2016. The Court of Appeals found the district court did not err in overruling Garibo's motion for a directed verdict because there was sufficient evidence by which the jury could have found him guilty. It also resolved some, but not all, of the ineffective assistance of counsel claims on direct appeal. It held that counsel was not ineffective for not objecting to the officer's testimony or to the counselor's testimony. The ineffective assistance of counsel claims regarding the jail house calls, the failure to cross examine the victim's counselor more thoroughly, and the failure to communicate in Spanish were not resolved as the record was insufficient. (Filing no. 10-2.)

After the Court of Appeals issued its opinion, appellate counsel moved to withdraw and that motion was granted. (Filing no. 10-1.) Garibo, proceeding pro se,[4]

---

[2] Mr. Jacobs tried the case, Mr. Niklitschek represented Petitioner at sentencing, and Mr. Campbell handled the appeal.

[3] A state certified interpreter was present at trial.

[4] The "State need not appoint counsel to aid a poor person in discretionary appeals in the State's highest court . . . ." *Halbert v. Michigan*, 545 U.S. 605, 610 (2005).

attempted to petition the Nebraska Supreme Court for further review of the Court of Appeals decision, but his petition for further review was denied for failure to file a brief in support of the petition, as required by Neb. Ct. R. App. P § 2-102(F). (Filing no. 10-1.) After that denial, Garibo attempted to file another petition for further review together with a brief but that petition was denied as untimely pursuant Neb. Ct. R. App. P. § 2-102(F). (*Id.*)

Garibo filed his petition for post-conviction relief on January 30, 2017. (Filing no. 10-9.) In it, he asserted that there was "structural error" in the jury instructions, and again asserted ineffective assistance of trial counsel.

The district court directed the state to respond to the motion for post-conviction relief, and once it had, the district court denied the motion without an evidentiary hearing. Among other things, the district court found that Garibo had raised some ineffective assistance of counsel claims on direct appeal, which preserved those for post-conviction review but he had not raised them again as a part of his post-conviction submission. As for his new claims of ineffective assistance of counsel, they were procedurally barred as they were evident at the time of the direct appeal and Garibo had fresh counsel for the direct appeal. (Filing no. 10-9, pp. 21-25.)

Garibo appealed the decision of the district court to the Court of Appeals, and the state filed a motion for summary affirmance. (Filing no. 10-8.) On May 7, 2018, the Nebraska Court of Appeals granted the state's motion for summary affirmance of the denial of post-conviction relief. (*Id.*)

Garibo then submitted to the Nebraska Supreme Court a "Notice of Appeal" which the clerk of that court generously labeled a petition for further review. *Id.*[5] The

---

[5] I was also able to access the full text of the document through Nebraska's *Justice* web site. The appellate number for search purposes is 17-1273. I take judicial notice of the state court records including the "Notice of Appeal." *See Stutzka v.*

-3-

"Notice of Appeal," construed as a petition for further review, was denied as being improper as to form pursuant to Neb. Ct. R. App. P § 2-102(F). (*Id.*)

The relevant state court records have been filed by Respondents. They are in separate filings. (Filing no. 10, filing no. 16, filing no. 17.)

Garibo's sole habeas claim is that trial counsel was ineffective for a host of reasons.

*Law*

In brief outline form, here is the law on procedural default as it pertains to the procedural history of this case:

1. 28 U.S.C. § 2254 requires a Petitioner to exhaust his claims in the state courts before coming to federal court.

2. A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, then in an appeal to the Nebraska Court of Appeals, and finally in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

3. Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review

---

*McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

4. To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

5. Under Nebraska law, you generally only get one post-conviction review; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Otherwise, the issue will be procedurally barred.*") (Italics added).

### *Analysis*

Garibo does not make an effort to contest the procedural defaults. Rather, he tries to excuse them. Those excuses are not meritorious.

Petitioner argues that there is a "cause" and "prejudice" for the defaults. He lays the blame on his appellate counsel who represented him on direct appeal for failing to attack trial counsel in the manner he now wants.[6] However, Garibo could have raised that argument about the deficiency of appellate counsel during the post-conviction proceeding, but he did not do so and that failure is fatal to his excuse argument.

"'[A] claim of ineffective assistance,'" the Supreme Court has said, "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). In order to escape that default for failure to present such a claim, Garibo must establish that his appellate counsel was "constitutionally substandard and prejudice must have resulted therefrom pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984)" regarding the failure to attack trial counsel on the grounds relied upon by Petitioner. *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004). Garibo has not come close to meeting these requirements.

Garibo also attempts to invoke the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012) ( inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). But *Martinez* does not apply here according to the plain terms of the decision. Nebraska does not preclude a defendant from raising ineffective assistance of trial counsel claims on direct appeal–indeed in cases like this where there is fresh counsel on appeal those claims must be presented on direct appeal. "Our holding here addresses only the constitutional claims presented in this case, *where the State barred the defendant from raising the claims on direct appeal*." *Id.* at 17. (Emphasis added.)

---

[6] Of course, appellate counsel did attack trial counsel on direct appeal but not on the grounds asserted by Petitioner in his post-conviction submission.

As for the miscarriage of justice exception, I am not persuaded that the failure to reach the ineffective assistance of trial counsel arguments will result in a miscarriage of justice. Although the child recanted her complaints of sexual abuse at trial there was compelling evidence that she had been pressured to do so by her mother and Garibo confessed to police he had abused the child.

> Garibo was interviewed by police shortly after Y.M. reported the abuse. A Spanish-speaking police officer served as a translator for Garibo while a detective interviewed him. Garibo waived his *Miranda* rights and agreed to speak with police. Initially, Garibo denied that he had abused Y.M. but eventually admitted that "it just happened suddenly." Garibo described that once, approximately five years ago, he put his finger inside of Y.M. for a minute and a half and his penis inside of Y.M. for a minute.

(Filing no. [10-2, p. 2](#).)

Petitioner also suggests that I should stay and abey these proceedings pursuant to *Rhines v. Weber,* 544 U.S. 294 (2005) (holding that the district court had discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition). Initially, this is not a mixed-petition case as all of the ineffective assistance of counsel assertions have been defaulted and thus *Rhines* is not on point. Moreover, *Rhines* does not apply to this case because Petitioner has no available state court remedies to pursue since Nebraska does not allow successive post-conviction actions.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473,

484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 7) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 4th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge